# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA      :

         *versus*        :        CRIMINAL NO. 10-28-RET

                               :

SHANARD ZELRON BANKS      :

## PLEA AGREEMENT

1.

The Office of the United States Attorney for the Middle District of Louisiana, through undersigned counsel, and the above-named defendant agree that the defendant will enter a plea of guilty to an Indictment charging attempted possession with the intent to distribute 500 grams or more of a substance containing a detectable quantity of cocaine, in violation of Title 21, United States Code, Section 846.

2.

The United States Attorney and the defendant agree that, if the Court accepts the guilty plea, no additional criminal charges related to the violation contained in the Indictment will be brought against the defendant in this district.

3.

The United States and the defendant further agree that should the Court, at the time of sentencing, find that, pursuant to Section 3E1.1(a), United States Sentencing Guidelines, the defendant qualifies for a two level decrease in offense level for acceptance of responsibility, and prior to the operation of Section 3E1.1(a) the defendant's offense level is 16 or greater, the United States will move the Court pursuant to Section 3E1.1(b), United States Sentencing Guidelines, to decrease defendant's offense level by one additional level for acceptance of responsibility.

4.

The defendant agrees to provide complete and truthful information to any law enforcement agent or attorney of the United States and at any grand jury proceeding or trial. The defendant waives the Fifth Amendment privilege against self-incrimination. This Plea Agreement, however, is not conditioned upon any obligation of the United States to receive, or act upon, information which the defendant may now or in the future provide or stand ready to provide.

5.

Except as otherwise provided herein, no truthful testimony or other information provided by the defendant pursuant to this Plea Agreement, or any information derived therefrom, will be used against the defendant in any criminal trial.

6.

If the defendant refuses to provide truthful information or testimony, or provides false or misleading information or testimony, he may, after a judicial finding of such, be prosecuted for any offense covered by this agreement, and all statements and information provided by the defendant may be used against him. The defendant's plea of guilty may not be withdrawn.

7.

The defendant agrees to fully and truthfully complete the financial statement provided to him by the Office of the United States Attorney and to return the financial statement to the undersigned Assistant United States Attorney within ten days of this agreement being filed with the Court. Further, upon request, he agrees to provide the Office of the United States Attorney with any information or documentation in his possession regarding his financial affairs and agrees to submit to a debtor's examination when requested. The defendant agrees to provide this information whenever requested until such time as any judgment or claim against him, including principal, interest, and penalties is discharged or satisfied in full. This

2

information will be utilized to evaluate his capacity to pay the government's claim or judgment against him, whatever that claim or judgment may be. If the defendant refuses to comply with this paragraph or provides false or misleading information, he may, after a judicial finding of such, be prosecuted for any offense covered by the agreement, and all statements and information provided by the defendant may be used against him. The defendant's plea of guilty may not be withdrawn.

8.

The defendant hereby expressly waives the right to appeal his conviction and sentence, including any appeal right conferred by Title 18, United States Code, Section 3742, and to challenge the conviction and sentence in any post-conviction proceeding, including a proceeding under Title 28, United States Code, Section 2255, and any modification of sentence pursuant to Title 18, United States Code, Section 3582(c)(2). The defendant, however, reserves the right to appeal the following: (a) any punishment imposed in excess of the statutory maximum; (b) any punishment which is an upward departure pursuant to the guidelines; and (c) any punishment which is above the guidelines range calculated by the Court. Nothing in this paragraph shall act as a bar to the defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel.

9.

Pursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, the defendant and the United States Attorney agree that a sentence of imprisonment of a year and one day and supervised release of two years is the appropriate disposition of the case.

Case 3:10-cr-00028-RET-DLD   Document 38   08/18/10   Page 3 of 6

The defendant understands that, as a result of this Plea Agreement, he could receive a maximum sentence of a fine of $2,000,000. The defendant shall not be placed on probation or the sentence suspended. In addition, the Court must impose a special assessment of $100, which defendant agrees to pay at the time of sentencing. The Court may also order restitution in accordance with law. The defendant further understands that supervised release is a period of supervision during which he must comply with certain rules. Supervised release is imposed in addition to a sentence of imprisonment, and a violation of the conditions of supervised release can subject the defendant to imprisonment for a term of not more than three (3) years, without credit for any time already served on the term of supervised release. The defendant understands that the Court, while not bound to apply the Sentencing Guidelines, must consult the guidelines and take them into account when sentencing.

11.

The United States and the defendant stipulate, pursuant to Section 6B1.4 of the United States Sentencing Guidelines, to the following facts:

On or about September 8, 2009, a confidential source working for the Drug Enforcement Administration, met the defendant at a parking lot of a business establishment, located at or near South Acadian Thruway and Government St., Baton Rouge, Louisiana. This meeting concerned negotiations towards the purchase of cocaine by the defendant from the confidential source, who at the time, was posing as a multi-kilogram cocaine dealer.

During this encounter, the confidential source and the defendant examined a brick of cocaine the confidential source then possessed. Satisfied as to its quality, the defendant told the confidential source that he wished to purchase over five hundred grams from the source, then and there. The confidential source suggested to the defendant some other time, since the amount he then possessed was intended for another customer.

The following day, on September 9, 2009, during a telephone conversation, the defendant told the confidential source that he wished to purchase an amount of cocaine from him.

Case 3:10-cr-00028-RET-DLD   Document 38   08/18/10   Page 4 of 6

The confidential source met the defendant at a location off College Drive, Baton Rouge, Louisiana, where the defendant gave the source $10,940 towards the purchase of over five hundred grams of cocaine. After a cursory examination of the cash, the confidential source and the defendant left for the location where the defendant expected to receive the amount of cocaine he believed the confidential source then possessed. While in route, law enforcement agents arrested the defendant and seized the cash which the defendant had given earlier to the confidential source.

The defendant understands that the Court is not bound by this stipulation.

12.

Pursuant to Rule 11(c)(3)(A) and 11(c)(5), Federal Rules of Criminal Procedure, the Court may accept or reject this Plea Agreement or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the Presentence Report. If the Court rejects the Plea Agreement, the Court, on the record, will so inform the defendant and advise the defendant that the Court is not bound by the Plea Agreement. The Court will give the defendant an opportunity to withdraw the plea and will advise the defendant that, if the plea is not withdrawn, the disposition of the case may be less favorable to the defendant than contemplated by the Plea Agreement.

13.

The defendant acknowledges that the terms herein constitute the entire agreement and that no other promises or inducements have been made. The defendant acknowledges that he has not been threatened, intimidated, or coerced in any manner.

5

14.

The defendant acknowledges that this Plea Agreement has been entered into knowingly, voluntarily, and with the advice of counsel, and that he fully understands the agreement. The defendant has no objection to the legal representation he has received.

This Plea Agreement is entered into this __20th__ day of __July__, 2010, at Baton Rouge, Louisiana.

UNITED STATES OF AMERICA, by

_____
SHANARD ZELRON BANKS
DEFENDANT

for DONALD J. CAZAYOUX, JR., LBN 20742
UNITED STATES ATTORNEY

_____
MICHAEL REESE DAVIS, LBN 17529
ATTORNEY FOR DEFENDANT
10602 Coursey Boulevard
Baton Rouge, LA 70816
Telephone: (225) 298-8118
Fax: (225) 298-8119

ROBERT W. PIEDRAHITA, LBN 10989
ASSISTANT U.S. ATTORNEY
777 Florida Street, Suite 208
Baton Rouge, LA 70801
Telephone: (225) 389-0443
Fax: (225) 389-0561

6